■ MARCOS MARDIROSSIAN, Appellant, v PEARL EXPRESS CAB et al., Respondents. [64 NYS3d 574]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered April 15, 2016, which granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for personal injuries on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for personal injuries is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of

fact as to whether he sustained a serious injury to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for personal injuries. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.